LANSTON MONOTYPE MACH. CO. v. MERGENTHALER LINOTYPE CO. et al.

(Circuit Court, S. D. New York. July 12, 1906.)

1. LIBEL—INNUENDOES.

A complaint for libel cannot be assisted by innuendoes which do not serve to interpret the idea which would naturally reach the mind of an intelligent reader.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 205-208.]

2. SAME—LIBELOUS PUBLICATIONS.

Defendant addressed to the President a petition praying that he would direct the public printer to recall a "certain order given for certain typesetting machines and direct an investigation as to the facts surrounding the order, its propriety, and legality"; that "such order was made corruptly, clandestinely, and in violation of law and the unbroken custom which has governed such purchases," and that, in violation of the printing laws, certain immediate assistants of the public printer have a stock interest in the company to which the order was given; that the order was bad administration, extravagant, and scandalous, etc. Held, that such petition was a direct and exclusive attack on the public printer and his methods of administration, and was not a libel on plaintiff corporation by whom the machines were sold.

[Ed. Note—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 103.]

**3. SAME—DAMAGES—REMOTENESS.**

Where, on defendant's petition, the President appointed a commission to investigate a contract for the purchase of typesetting machines from plaintiff, and plaintiff claimed that such petition was libelous, expenses, incurred by plaintiff in defending the contract before the commission were too remote to be recovered as damages for the libel.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 343-346.]

Adrian H. Larkin and George E. Hargrave, for plaintiff.
William M. K. Olcott and Henderson Peck, for defendants.

PLATT, District Judge. This is a libel suit in two counts, and the complaint is too voluminous to admit even a condensation of its salient features. The record may be consulted therefor.

The defendant demurs to the first count: (1) Because plaintiff is a corporation, and it does not appear that the alleged libelous matter is calculated to injuriously affect its credit, or to occasion it any pecuniary injury. (2) Because it does not state facts sufficient to constitute a cause of action. It demurs to the second count, because it does not present a cause of action, and it demurs to the whole complaint because two causes of action have been improperly united.

With a running pen, let me look at the complaint in respect of its sufficiency. It is contended that the alleged libelous matter was not published concerning the plaintiff or its business. The complaint says that it was so published, but if, after examination, the court can say that it would not convey any such idea to the intelligent reader, then the complaint is insufficient, and it cannot be helped out by innuendoes which do not serve to interpret the idea which would naturally reach the mind of such intelligent reader. In other words, the demurrer does not admit the truth of unintelligent innuendoes. The innuendo in no sense enlarges or expands the matter which appears in the rest of the complaint. The alleged defamatory matter is contained in a petition addressed to the President, dated June 24, 1905, praying that he "will direct the public printer, Mr. F. W. Palmer, to recall a certain order given on the 19th day of June instant, for 72 Lanston Typesetting Machines," and to "direct an investigation as to the facts surrounding such order and as to its propriety and legality"; that "said order was made corruptly, clandestinely, and in violation of law and the unbroken custom which has governed such purchases"; that "said order was placed without the recommendation or requisition of the foreman of printing, as required by law * * *"; that the foreman did not think the machines ought to be purchased, and that his signature was only obtained by the direct command of the public printer; that the public printer had repeatedly advised the petitioner that the purchase of machines was not in contemplation, thus preventing competition; that in violation of the printing laws certain immediate assistants of the public printer have a stock interest in the Lanston Company, to which the order was given; that to apparently justify the public printer for the order, the Lanston machines were given favorable matter to work upon, thus doubling their apparent output; that the records of output made by the public printer and

published in apparently unauthorized interviews are grossly incomplete and misleading; that the order was bad administration, extravagant, and scandalous; that to expend so much money on a private and secret order, without notice to makers of more efficient machines, was unwise, since the government might have saved 25 per cent. by taking a different course. Then follows a statement as to the extent to which the two kinds of machines are used, and an offer to prove the truth of what was said.

This is the substance of the alleged libelous matter, and it must be manifest to the reader, no matter whether he be careless or careful, that it contains nothing of or concerning the plaintiff or its business, but is plainly a direct, exclusive attack upon the public printer and his methods of administration. It is the refinement of subtlety to say that the word "order," as used in the petition, has any reference, either by itself or by its connection with other parts of the article, with a contract which was, as it now appears, entered into on June 19, 1905, between the plaintiff herein and the public printer on behalf of the United States. The article does not attack the plaintiff as to its fame, credit, business, reputation, or character. The plaintiff is only mentioned once, and that in an incidental way, when, in a direct attack upon the public printer, it charges that certain subordinates of his have a stock interest in the plaintiff corporation, but this can in no sense be imputed to the plaintiff as a crime. It is a necessary part of the specification required to show that the public printer had violated the law, and nothing more. It is in its entirety a savage attack upon the public printer. The article discussed has no intelligent application or reference to the plaintiff in a defamatory sense, and when language, fairly construed, is incapable of such construction, it is the duty of the court to deny the right of the plaintiff to maintain an action thereon. The contract which the complaint refers to is signed by the public printer and by the plaintiff, has two witnesses, and the teste of an assistant secretary, and nothing more. The order referred to in the alleged libelous article is said to have the signature of the foreman attached, he being compelled thereto by the public printer. Thus on the face of the paper the order mentioned is clearly distinguished from the contract. The words order and contract cannot be confounded, either legally or in ordinary usage. A contract could not be recalled, which is what the petition wishes done with the order.

Time forbids discussing the law of libel upon things, but it is deemed relevant, and adds another reason for the action taken. All that has been said, and much which could be added, applies with equal force to each count, and beyond that, the second count appears to be for a different cause of action. It appears to be aimed at recovering expenditures before a commission which was appointed by the President as the result of said petition. Nothing in the petition would warrant the plaintiff in going to any such expense. The public printer was not his protege, and was undoubtedly able to take care of himself. If plaintiff had a notion to advertise its machines at such a hearing, that is entirely a business proposition with which we have

# 874

147 FEDERAL REPORTER.

nothing to do. Admitting, for the moment, the words to have been libelous and the expenditures to have been properly set up as special damages, they were not the immediate and legal consequence of the words published in the petition. Non constat, that a commission would be appointed and an investigation instituted on account of them. The voluntary act of the President intervened, and all the books teach us that such expenditures were the remote consequence. If the pleader had not conceived the second count to contain a different cause of action, it is not easy to discover any reason for the elaborate repetition of the paragraphs of the first count with such a meager addition. The new matter might have as well been put at the end of the so-called first count.

Only a few of the reasons for my conclusion, that the complaint is insufficient, have been noted. Time forbids further explanation. Let the complaint be dismissed.